UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| LORENZO JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-2138 |
| | ) | |
| CHRIS CUNNINGHAM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Danville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a First Amendment retaliation claim. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 36). The motion is granted.

## PRELIMINARY MATTERS

### Plaintiff's Motion for Leave to Amend Complaint (Doc. 40)

A district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

Plaintiff filed a proposed amended complaint that appears identical in content to his original complaint, except that he changed the date of the incident at issue from June 15, 2020, to July 15, 2020. *Compare* (Doc. 1 at 3), *with* (Doc. 40 at 3). Defendants have not responded to

Plaintiff's motion. The motion is granted to the extent that Plaintiff seeks to file the complaint for purposes of clarifying the dates in question and denied as to any other relief requested.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated at Danville Correctional Center ("Danville"). Defendants were employed at the facility in the following capacities: Defendant Cunningham was a correctional lieutenant; Defendant Lorton was a correctional officer.

Plaintiff worked in the silk screen room in a building at Danville. Plaintiff testified that the workday did not end at a set time—towards the end of the day, he and other inmates working in the silk screen room would look for other inmates waiting on the steps outside and that "when we notice that people are starting to leave, that's when we come out and we stand on the steps." Pl.'s Dep. 28:2-4, 35:9-21. On average, approximately 150 inmates wait outside each day before returning to the housing units. *Id.* 36:2-9.

On July 15, 2020, Plaintiff and two other inmates remained in the building after everyone had left. (Doc. 39 at 2-3, ¶ 2). Plaintiff testified that they had not seen anyone waiting outside at the end of the day, and, therefore, he and the other inmates did not leave their area to return to the housing units. Pl.'s Dep. 35:13-16. They flagged down a lieutenant, who called Defendant Lorton to let them out of the building. (Doc. 17-1 at 12-13). Plaintiff asserts that Defendant Lorton's failure to conduct a walk through and headcount at day's end caused them to get locked inside the building. (Doc. 40 at 5).

The next morning, prison officials told Plaintiff he did not have to go to work. Plaintiff asserts that he "voiced [his] opinions" about this development to unidentified prison officials. (Doc. 40 at 6). Defendant Cunningham terminated Plaintiff's employment in the silk screen room later that day based upon the previous day's events and because Plaintiff had been reprimanded on July 14, 2020, after officials had observed him not working. (Doc. 39 at 17). Defendant Lorton was not involved in this decision, nor did he engage in actions Plaintiff believed to be retaliatory. (Doc. 36-2 at 1, ¶ 4); Pl.'s Dep. 44:21-23, 52:19-23.

Plaintiff filed two grievances dated July 16, 2020, about his termination.[1] (Doc. 17-1 at 10-13). Danville's grievance office received at least one of the grievances on July 17, 2020. *Id.* at 12. Plaintiff did not write to or speak with either defendant after July 15, 2020. Pl.'s Dep. 44:13-16, 44:11-16.

## ANALYSIS

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to

---

[1] One grievance requested expedited review; the other did not. The grievances otherwise appear identical.

take retaliatory action. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Once a plaintiff establishes a prima facie case of retaliation, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013).

Plaintiff cannot rely on the grievances he filed to support his claim of retaliation because he did not file them until after Defendant Cunningham had terminated his employment, negating any inference that they motivated Defendant Cunningham's actions. Plaintiff does not disclose to whom he "voiced his concerns" about not going to work, nor how he did so. Assuming these complaints were constitutionally protected, the record does not support a reasonable inference that Defendant Cunningham knew about them when taking the actions at issue, and, thus, they could not have motivated his decision to terminate Plaintiff's employment. The record does not support an inference that Defendant Lorton took any actions in response to Plaintiff's complaints.

Assuming Plaintiff could make the showing required to shift the burden, Defendant Cunningham asserts that Plaintiff's job performance justified his decisions. Plaintiff asserts that Defendants manufactured the job misconduct reports to cover up Defendant Lorton's negligence on July 15, 2020. (Doc. 39 at 9-10). Plaintiff's argument, if true, supports only the contention that Defendants acted for reasons not related to the exercise of Plaintiff's constitutional rights. Defendants' alleged failures to follow rules or perform their job duties are not sufficient to impose constitutional liability. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Pulera v. Sarzant*, 966 F.3d 540 (7th Cir. 2020).

The Court finds that no reasonable juror could conclude that Defendants violated Plaintiff's First Amendment rights. Plaintiff also cannot hold Defendant Lorton liable because he was not personally involved in the alleged retaliatory conduct. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [40] is GRANTED in part and DENIED in part. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Defendants' Motion for Summary Judgment [36] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 9th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
